Steven **WASHINGTON**, Jr., Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 28354

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1970.

Rehearing Denied Feb. 6, 1970.

Kenneth C. Deacon, Jr., Deacon, Brickley & Hickok, William L. Penrose, Harris, Barrett, Dew & Sieber, St. Petersburg, Fla., for petitioner-appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5th Cir. R. 18.

Steven Washington, Jr., appeals from an order of the district court denying his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c) (3) (1964). Washington pleaded guilty in Florida state court to charges of murder and breaking and entering with intent to commit a felony. He now contends that these pleas were the product of a "chain of circumstances" consisting of an inadmissible oral confession, suppressible fingerprint evidence, and ineffective assistance of counsel, and that therefore his plea of guilty was not voluntarily and understandingly made.

The district court conducted a full evidentiary hearing on the circumstances leading to the entry of the guilty pleas. That court concluded that the oral confession "formed no part of the inducement for the petitioner's guilty pleas to the offenses for which he was convicted and sentenced"; that the judgment of counsel not to attempt to suppress evidence prior to trial did not constitute ineffective counsel; and that "[t]here were no improper inducements for the guilty pleas entered by the petitioner at the time he entered them and such pleas were entered voluntarily, with full knowledge of the consequences thereof".

We have reviewed the record, including the transcript of the evidentiary hearing. We find no clear error in the findings of the district court.

We affirm the judgment of the district court.